LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

DOUGLAS MAXWELL,

       Plaintiff,

  v.

OLIVER WYMAN, INC.
     d/b/a LIPPINCOTT,
MARSH & MCLENNAN COMPANIES, INC., and
RICK WISE,

       Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, DOUGLAS MAXWELL, (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorney, hereby files this Complaint against Defendants, OLIVER WYMAN, INC. d/b/a LIPPINCOTT, MARSH & MCLENNAN COMPANIES (together, "Corporate Defendants") and RICK WISE ("Individual Defendant" and together with Corporate Defendants, "Defendants"), and states as follows:

1

## INTRODUCTION

1.  Plaintiff alleges that pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended ("Title VII"), he is entitled to recover from Corporate Defendants for retaliation: (1) back and front pay, (2) compensatory and punitive damages and (3) attorney's fees and costs.

2.  Plaintiff further alleges that pursuant to New York Human Rights Law. N.Y. Exec. Law §296 ("NYSHRL"), he is entitled to recover from Defendants for retaliation: (1) back and front pay, (2) compensatory and punitive damages, and (3) attorneys' fees and costs.

3.  Plaintiff further alleges that, pursuant to New York City Human Rights Law, Administrative Code of the City of New York §8-107 *et seq.* ("NYCHRL")*,* he is entitled to recover from Defendants for retaliation: (1) back and front pay, (2) compensatory and punitive damages and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §§ 1331 and 1343, because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

5.  In addition, this Court has supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims pursuant to 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), because Defendants conduct business and can be found in this district and a substantial part of the events and omissions giving rise to the claims alleged herein

occurred in this district, and because the alleged unlawful employment practice was committed in this district and employment records relevant to such practice are maintained and administered in this district.

## EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS

7. Plaintiff has exhausted his administrative remedies and complied with all statutory prerequisites to his Title VII claims.

8. On September 23, 2019, Plaintiff filed a charge of retaliation with the Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), within the required 300 days of the retaliatory event. On October 22, 2019, the EEOC issued Plaintiff the Notice of Right to Sue, attached hereto as **EXHIBIT A**, which was received by Plaintiff on October 25, 2019. This action is filed within the required 90 days of the receipt of said Notice.

## PARTIES

9. Plaintiff, DOUGLAS MAXWELL, is and for relevant time periods was a resident of Westchester County, New York.

10. Defendants operate a brand strategy and design company under the tradename "Lippincott."

11. Corporate Defendant OLIVER WYMAN, INC. d/b/a LIPPINCOTT is a foreign business corporation organized under the laws of the State of New York with a principal place of business and address for service of process located at 1166 Avenue of the Americas, New York, NY, 10036. Defendants operate "Lippincott" through OLIVER WYMAN, INC.

12. Corporate Defendant MARSH & MCLENNAN COMPANIES, INC. is a foreign business corporation organized under the laws of the State of New York with a principal place of business at 1166 Avenue of the Americas, New York, NY 10036 and an address for service of

process located at 28 Liberty Street, New York, NY, 10005. MARSH & MCLENNAN COMPANIES, INC. is the parent company of OLIVER WYMAN, INC.

13. Individual Defendant RICK WISE is the CEO of Lippincott. RICK WISE exercises operational control as it relates to all employees, including Plaintiff.

14. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

15. In or about September 2006, Plaintiff was hired by Defendants to work in the IT department of Lippincott, Defendants' company located at 499 Park Ave, NY, NY 10022. In January 2019, Plaintiff transferred to the Defendants' offices at 1166 Avenue of the Americas, New York, NY 10036.

16. Plaintiff worked for Defendants as Director of the IT Department until August 15, 2019.

17. During Plaintiff's employment with Defendants, Plaintiff suffered from retaliatory behavior and conduct from Defendants due to his opposition against sexual harassment committed by senior employees, and his participation in an internal sexual harassment investigation against some of Corporate Defendants' senior employees.

18. On Feb 8, 2018, Defendants MARSH & MCLENNAN COMPANIES, INC. reached out to Plaintiff in his capacity as IT Director for access to internal emails of two of its senior employees as part of an investigation.

19. Plaintiff offered further assistance with the investigation by providing testimony of personal knowledge regarding allegations of sexual harassment perpetrated by one of the subjects of the investigation. Plaintiff requested that Defendants MARSH & MCLENNAN

COMPANIES, INC. keep details of his testimony confidential, as he feared reprisal from Lippincott.

20. Defendants MARSH & MCLENNAN COMPANIES deliberately informed senior management at Lippincott of Plaintiff's assistance with the investigation, including the name of the individual whose sexual harassment Plaintiff had volunteered details about.

21. In retaliation for Plaintiff's assistance with a sexual harassment investigation against Defendants' senior employees, Plaintiff was subjected to differential and less favorable treatment in the terms, conditions and privileges of his employment relationship with Defendants, eventually leading to an effective demotion, reduced pay, and the termination of his employment.

22. Accordingly, during said time period from July 2018 to August 15, 2019, defendants retaliated against Plaintiff by creating a hostile work environment because Plaintiff had assisted in a sexual harassment investigation against Defendants' senior employees.

23. As an example, but not the sole example of retaliatory treatment, in or about July 2018, Plaintiff was effectively demoted from his position as IT Director and placed under the supervision of another Director with little experience in Plaintiff's field of expertise. Plaintiff had reported directly to the Chief Operating Officer, then to a Senior Partner, for many years prior. Plaintiff's new Supervisor was at the same level as Plaintiff, Director, but was promoted to a new position, Senior Director, a position created for this purpose.

24. As another example, but not the sole example of retaliatory conduct, from July 2018 through August 2019, Plaintiff was deliberately isolated, "frozen-out" and excluded from many of his previous responsibilities, including direct support and end-user support processes to

which he would ordinarily have been a participant, and which he handled for many years prior to this retaliation.

25. In or about July 2018, Plaintiff complained to Pam Goodman, the Global Head of Human Capital Operations at Corporate Defendant OLIVER WYMAN, INC., about this retaliatory behavior, with no results. Also, during this same period of time Plaintiff also had several discussions with Adam Smith, Senior Partner at Lippincott, regarding his concerns about this retaliatory behavior, with no results.

26. As another example, but not the sole example of retaliatory conduct, in January 2019, Plaintiff was given a performance review of "developing" filled with mischaracterizations of events and outright lies. For many years prior, Plaintiff's performance had consistently been rated higher, as "performing well" or "exceeding expectations". This retaliation resulted in a fifteen-thousand dollar plus ($15,000+) pay reduction.

27. On July 18, 2019, in a further act of retaliation, Defendants informed Plaintiff that his employment was being terminated, effective August 15, 2019.

28. Defendants retaliated against Plaintiff for assisting with a sexual harassment investigation against senior employees of Corporate Defendants, by effectively demoting Plaintiff in July 2018 by reducing his role and changing his supervisor, and by reducing Plaintiff's pay in January 2019, and by involuntarily terminating Plaintiff's employment in August 2019. But for Plaintiff's assistance in the sexual harassment investigation against Corporate Defendants' senior employees, Defendants would not have effectively demoted him, reduced his pay, or terminated his employment.

29. Plaintiff has and will continue to suffer economic and other damages as a result of the Defendants' retaliatory conduct.

30.     Plaintiff retained Lee Litigation Group, PLLC to represent him in this litigation has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

31.     Plaintiff realleges and reavers Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     By the above acts, including the decision to retaliate against Plaintiff by effectively demoting him, and cutting his pay, and terminating his employment, because he participated in an investigation into sexual harassment by Defendants' senior employees, Defendants have violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq., by retaliating against Plaintiff for opposing sexual harassment by Defendants' employees, and for participating in an investigation into sexual harassment by Defendants' employees.

33.     Defendants' acts were with malice and reckless disregard for Plaintiff's federally protected civil rights. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory practices unless and until this Court grants relief.

### COUNT II

### RETALIATION IN VIOLATION OF THE NYSHRL

34.     Plaintiff realleges and reavers Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. By the above acts, including the decision to retaliate against Plaintiff by effectively demoting him, and cutting his pay, and terminating his employment, because he participated in an investigation into sexual harassment by Defendants' employees, Defendants have violated Section 296, subdivision 7 of the New York Executive Law ("NYSHRL"), by retaliating against Plaintiff for opposing sexual harassment by Defendants' employees, and for participating in an investigation into sexual harassment by Defendants' employees.

36. As a result of Defendants' conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, lost future employment opportunities, other financial loss, and non-economic damages.

37. By reason of Defendants' retaliatory conduct as alleged herein, Plaintiff is entitled to all legal remedies available for violations of the New York Executive Law.

## COUNT III

## **VIOLATION OF NYC ADMINISTRATIVE CODE § 8-107, subd. 7**

38. Plaintiff realleges and reavers Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. By the above acts, including the decision to retaliate against Plaintiff by effectively demoting him, and cutting his pay, and terminating his employment, because he participated in an investigation into sexual harassment by Defendants' employees, Defendants have violated Section 8-107, subdivision 7 of the New York City Administrative Code, by retaliating against Plaintiff for opposing sexual harassment by Defendants employees, and for participating in an investigation into sexual harassment by Defendants' employees.

40. As a result of Defendants' conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, lost future employment opportunities, other financial loss, and non-economic damages.

41. Because of Defendants' conduct as alleged herein, Plaintiff is entitled to all legal remedies available for violations of the New York City Administrative Code, including an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under Title VII of the Civil Rights Act of 1964;

b. A declaratory judgment that the practices complained of herein are unlawful under Section 296, subdivision l(a) of the New York Executive Law;

c. A declaratory judgment that the practices complained of herein are unlawful under Section 8-107, subdivision l(a) of the New York City Administrative Code;

d. Order Defendants to provide to Plaintiff compensatory damages with pre and post judgment interest, not limited to back and front pay, to compensate him for injuries he suffered from Defendants' retaliation, in amounts to be determined at trial;

e. Order Defendants to make Plaintiff whole from the unlawful retaliatory practices described above by providing compensation for non-pecuniary losses including, but not limited to, pain, suffering, humiliation, physical and mental injury in amounts to be determined at trial;

f.     Order the Individual Defendant to provide to Plaintiff punitive damages with pre and post judgment interest, for his intentional, malicious, wanton and reckless conduct, to deter Defendants from future retaliatory behavior, in amounts to be determined at trial;

g.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

i.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 6, 2020

                 Respectfully submitted,

                 LEE LITIGATION GROUP, PLLC
                 C.K. Lee (CL 4086)
                 Anne Seelig (AS 3976)
                 148 West 24th Street, 8th Floor
                 New York, NY 10011
                 Tel.: 212-465-1188
                 Fax: 212-465-1181
                 *Attorneys for Plaintiffs*

By: <u>*/s/ C.K. Lee*</u>
      C.K. Lee (CL 4086)